UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60176-CIV-DAMIAN/Hunt

**JOANA SIERRA**,

      Plaintiff,

vs.

**AVENTA HEALTH LLC
d/b/a AVENTA HEALTH**,

      Defendants.

_____/

**ORDER AFFIRMING AND ADOPTING
REPORT AND RECOMMENDATION AND DISMISSING CASE**

**THIS CAUSE** came before the Court on Magistrate Judge Patrick M. Hunt's Report and Recommendation [ECF No. 32 ("Report")], entered February 14, 2025.

**THE COURT** has reviewed the Report and the pertinent portions of the record and is otherwise fully advised.

      **I.**      **BACKGROUND**

Plaintiff, Joana Sierra ("Plaintiff"), initiated this action by filing a Complaint on January 31, 2024, asserting claims of unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 against Defendants, Aventa Health LLC d/b/a Aventa Health and Aventa Health management, LLC (AHM) d/b/a Aventa Health (collectively, "Defendants"). *See generally* ECF No. 1. On March 28, 2024, Plaintiff filed a notice of settlement [ECF No. 12], and, that same day, this Court entered an Order administratively closing the case [ECF No. 13] and an Order requiring submission of the parties' settlement agreement for this Court's approval [ECF No. 14]. After the undersigned extended the time

within which to file the settlement agreement (*see* ECF Nos. 16, 18), Plaintiff's counsel, on May 23, 2024, filed an Unopposed Motion to Withdraw [ECF No. 19]. This Court referred that Motion to United States Magistrate Judge Patrick M. Hunt on June 18, 2024. [ECF No. 20].

On July 10, 2024, Judge Hunt granted the Unopposed Motion to Withdraw and directed Plaintiff to retain new counsel within 30 days or file a notice indicating her intent to proceed *pro se*. [ECF No. 23 (the "July 10 Order")]. When Plaintiff failed to do so, Judge Hunt entered an Order to Show Cause requiring Plaintiff to comply with the July 10 Order and setting a hearing for October 1, 2024. *See* ECF No. 24. Plaintiff failed to appear at the October 1, 2024, show cause hearing, and, thus, Judge Hunt entered an Amended Order to Show Cause re-setting the hearing to October 15, 2024. *See* ECF No. 25. Plaintiff also failed to appear at that hearing.

The following day, on October 16, 2024, Plaintiff contacted Judge Hunt's Chambers and indicated she was attempting to retain counsel, but she failed to respond to repeated attempts to follow up. Judge Hunt then entered a third Order to Show Cause on January 27, 2025, requiring Plaintiff's appearance at a hearing set for February 10, 2025. [ECF No. 27]. In that Order, Judge Hunt directed the Clerk to provide notice to Plaintiff both via U.S. mail and via e-mail and further warned that "[f]ailure to attend the [February 10] hearing will result in the undersigned recommending sanctions, up to and including the case being dismissed by default." *Id.* at 2. Although the hearing was initially set for February 10, 2025, Judge Hunt *sua sponte* re-set the hearing for February 12, 2025, but nevertheless directed the Clerk to provide notice to Plaintiff via U.S. mail and e-mail and again warned Plaintiff of the

2

consequences of non-compliance. *See* ECF No. 29. Yet again, Plaintiff failed to comply with Judge Hunt's Order.

At the February 12, 2025 show cause hearing, Defendants, who had appeared at all the preceding hearings, moved *ore tenus* to dismiss this case. *See* ECF No. 31 (the "*Ore Tenus* Motion"). Judge Hunt issued the Report now before this Court on February 14, 2025, recommending that this Court grant Defendants' *Ore Tenus* Motion and dismiss this case without prejudice given Plaintiff's continued non-compliance. *See generally* ECF No. 32. To date, no objections to the Report have been filed.

## II.     LEGAL STANDARD

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

### III. DISCUSSION

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the analysis and recommendations stated in Judge Hunt's Report and agrees with Judge Hunt's conclusion that Defendants' *Ore Tenus* Motion is due to be granted and this case dismissed given to Plaintiff's consistent failure to comply with Judge Hunt's Orders.

### IV. CONCLUSION

Accordingly, for the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 32]** is **AFFIRMED AND ADOPTED** as follows:

1. Defendants' *Ore Tenus* Motion to Dismiss [**ECF No. 31**] is **GRANTED**.
2. This case is **DISMISSED WITHOUT PREJUDICE**; and
3. The Clerk of the Court is directed to **CLOSE** this case, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at the Southern District of Florida, this 2nd day of April, 2025.

                                                  **MELISSA DAMIAN**
                                                  **UNITED STATES DISTRICT JUDGE**

cc:    Magistrate Judge Patrick M. Hunt; Counsel of Record

        Joana Sierra
        3123 Coral Ridge Drive
        Coral Springs, FL 33065
        954-991-2144
        *Pro Se*